

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Albert Charles Eichel,<br>   Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:12cv1220 (TSE/TRJ) |
| Ms. MacDonald, et al.,<br>   Defendants. | )<br>)<br>) | |

## MEMORANDUM OPINION

Albert Charles Eichel, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging staff at Norfolk City Jail violated his First Amendment right to freedom of religion by refusing to provide him with a Torah or a kosher meal. He also alleges that failing to provide him with a kosher meal constitutes cruel and unusual punishment. Plaintiff has moved to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[1]

---

[1] Section 1915A provides:
   (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

   (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Plaintiff is incarcerated at Norfolk City Jail. Compl. 5. Plaintiff states that he requested a copy of the Torah and received, instead, a copy of the Bible. Id. When he explained that he did not want a Bible but wanted a Torah, the office responded, "all we give out is a Bible." Id. Additionally, plaintiff states that he has requested several times to receive kosher meals. Id. at 5B. He states that, instead of kosher meals, he receives vegetarian meals. Id. He alleges that the vegetarian meals are smaller than the regular meals because "[t]hey don't put something in the place of the meat." Id. As a result, he "gets less food most of the time." Id. Plaintiff believes that the failure of the jail to provide him with a Torah and with a kosher meal "violates the 1st Amendment." Id. at 5–5B. He also alleges that failing to provide him with a kosher meal is cruel and unusual punishment. Id. at 5B.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

## III. Analysis

Plaintiff challenges Norfolk City Jail's refusal to provide him with a copy of the Torah or with a kosher meal. A prison regulation which infringes upon a prisoner's constitutional rights will nevertheless be upheld if the regulation is "reasonably related" to promoting a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 87, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The plaintiff bears the ultimate burden of showing a prison regulation is unconstitutional. See Covino v. Patrissi, 967 F.2d 73, 79 (2d Cir.1992); see also Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir.1993). The test used when determining whether a regulation is permissible assesses four factors: (1) whether the regulation is logically connected to the legitimate government interests invoked to justify it; (2) whether an alternative means of exercising the right on which the regulation impinges remains open to prison inmates; (3) the impact that accommodation of the asserted rights will have on prison staff, other inmates, and the allocation of prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. Turner, 482 U.S. at 89–90.

### A. Torah

The Seventh Circuit has held that "[p]risons are only required to make reasonable efforts to provide an opportunity for religious practice. Tarpley v. Allen County, 312 F.3d 895 (7th Cir.

3

1994) (citing Alston v. DeBruyn, 13 F.3d 1036, 1039–40 (7th Cir. 1994)). Merriam-Webster's Dictionary defines the Torah as "the divine revelations to Israel; specifically, the first five books of the Bible: Genesis, Exodus, Leviticus, Numbers, and Deuteronomy." Under the circumstances here, as plaintiff admits he was given a copy of the Bible that he could use in his cell, staff plainly offered him the essential material for his religious studies. Furthermore, examining the fourth Turner factor, plaintiff had access to a ready alternative that would "fully accommodate" his right to practice his religion. Therefore plaintiff has failed to state a claim upon which relief can be granted, and this claim must be dismissed.

B. Kosher Meal

The Fourth Circuit in Cooper v. Lanham, 1998 WL 230913 (4th Cir. 1998), applied the Turner factors and held that a prison's refusal to provide an inmate with a kosher meal was reasonably related to a promoting legitimate penological interests. First, it found that prison food services programs are "economically and administratively unable to accommodate the special dietary requests" of all religious groups represented in an inmate population. Second, it found that, since there are other ways to practice the Jewish religion, the failure to provide a kosher meal does not circumscribe someone's entire ability to practice the religion. Third, it held that providing kosher meals would have a "substantial impact on prison officials, inmates, and . . . prison resources." Finally, it held that there are no ready alternatives to current food policies due to the financial and administrative costs of providing kosher meals. Here, as in Cooper, plaintiff does not have a constitutional right to receive a kosher meal. The policy of the Norfolk City Jail to not provide inmates with kosher meals is reasonably related to a legitimate penological interest.

4

As to plaintiff's claim that the failure of the jail to provide a kosher meal constitutes cruel and unusual punishment, plaintiff also fails to state a claim upon which relief can be granted. To establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need—that is, one causing serious physical or emotional injury— and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer, 511 U.S. at 834) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379–81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

Here, plaintiff fails to meet the first prong of the test for cruel and unusual punishment. Plaintiff does not allege a serious injury that is caused by him receiving vegetarian meals instead of kosher meals. Therefore, plaintiff's claim must be denied for failure to state a claim upon which relief can be granted.

## IV. Motion to Proceed In Forma Pauperis

Because plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted, his motion to proceed in forma pauperis must be denied, as moot.

## V. Conclusion

Plaintiff's claims staff at Norfolk City Jail violated his First and Eighth Amendments rights by failing to provide him with a copy of the Torah and with a kosher meal must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted, which renders his motion to proceed in forma pauperis moot.

Entered this 5th day of November 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

6